IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02693-REB-MEH

WILLIAM B. ELLER,

    Plaintiff,

v.

MR. TOUCHE,
MRS. RUCH,
MRS. PARK,
MRS. TAVNER,
MR. LEFEVER,
MR. RUSSELL,
SARAH DARULA, and
NICOLE ALBRIGHT,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on January 5, 2016**.

    Plaintiff's Petition to Order a Martinez Report be Conducted [filed December 29, 2015; docket #10], which the Court construes as a Motion, is **denied**.

    The Martinez procedure, based on *Martinez v. Aaron*, 5709 F.2d 317 (10th Cir. 1978), provides a mechanism to aid judges in determining whether a prisoner's claim has a factual basis or whether the case should be dismissed without trial. The process is as follows:

> Under the Martinez procedure, the district judge or a United States magistrate judge to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the Martinez report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). In *Dickey v. Merrick*, 90 F. App'x 535, 537 (10th Cir. 2003), the Tenth Circuit also made clear that "a Martinez report ordinarily is not a motion." Instead, it is a tool to be ordered at a judge's discretion to aid in the initial determination

of whether a prisoner's claims even have merit.  *See Gee*, 829 F.2d at 1007.  Thus, the Court will order a Martinez report only if it determines such a need exists.