IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02693-REB-MEH

WILLIAM B. ELLER,

    Plaintiff,

v.

MR. TOUCHE,
MRS. RUCH,
MRS. PARK,
MRS. TAVNER,
MR. LEFEVER,
MR. RUSSELL,
SARAH DARULA, and
NICOLE ALBRIGHT,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") [filed December 11, 2015; docket #3]. The Motion is referred to this Court for recommendation. *See* docket #18. Based on clearly established law, the Court decides this matter without further briefing. For the following reasons, the Court **recommends** Plaintiff's Motion be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States*

**I.      Background**

Plaintiff is incarcerated at Buena Vista Correctional Complex ("BVCC") in Buena Vista, Colorado. Plaintiff initiated this lawsuit, proceeding *pro se*, on December 11, 2015. Docket #1. Plaintiff brings eight claims, asserting numerous violations of the Eighth Amendment and other constitutional provisions against seven named Defendants for events that occurred when he was incarcerated at Sterling Correctional Center ("SCC") in Sterling, Colorado. *See* dockets ##1, 5.

In the Motion presently before the Court, which appears to have been filed before Plaintiff was transferred from SCC to BVCC, Plaintiff represents that the named Colorado Department of Corrections ("CDOC") employees were continuing to threaten Plaintiff with violence for filing this lawsuit. Docket #3 at 2. Because Plaintiff asserts Defendants broke his leg while escorting him at SCC and then intentionally deprived him of medical care – the basis of his Complaint – his present Motion seeks an order from the Court to "transfer and reassign all named [D]efendants to other working areas, housing units and issue a [500-foot] and no contact order." *Id*. at 5.

The Court recommends denial of Plaintiff's Motion as his transfer to BVCC makes his request moot in that he cannot show any possibility of irreparable injury in the absence of injunctive relief.

**II.     Standard of Review**

    **A.      *Pro Se* Pleadings**

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply

---

*v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991)).

additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

### B. Temporary Restraining Order and Preliminary Injunction

Issuance of a temporary restraining order is subject to the court's discretion. *Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.,* 64 F.2d 881, 883 (10th Cir. 1933). Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction. 11A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2951 (2d ed. 1995).

A preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* (citations omitted). The burden is on the movant to establish his right to the relief requested. *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

### III. Discussion

Here, Plaintiff cannot meet the first element for the issuance of a temporary restraining order as his move from SCC, where Defendants work, to BVCC obviates any possibility of irreparable injury in the absence of injunctive relief. Furthermore, the issuance of a temporary restraining order under these circumstances would damage Defendants disproportionately to the injury alluded to by Plaintiff as Plaintiff seeks reassignment of the officers to other facilities. The Court also notes that prison officials retain great discretion in the handling of prison affairs, for the purpose of managing prisons safely and effectively, raising questions regarding whether issuance of such an injunction would be in the public interest. *See, e.g., Meachum v. Fano*, 427 U.S. 215 (1976). Finally, Plaintiff does not show substantial likelihood of success on the merits. Therefore, the Court declines to issue a temporary restraining order or preliminary injunction as Plaintiff requests.

### IV. Conclusion

Accordingly, the Court **recommends** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [filed December 11, 2015; docket #3] be **denied**.

Dated at Denver, Colorado, this 15th day of January, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge