IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02693-REB-MEH

WILLIAM B. ELLER,

    Plaintiff,

v.

TODD TONCHE,
TAMI RUCH,
JEANNIE PARK,
KENNETH LEFEVER,
SARAH DARULA,
CHARLENE LARSON, and
MEGHAN JACKSON,

    Defendants.

---

**ORDER ON PLAINTIFF'S MOTION TO STRIKE**

---

The trial in this case is set to commence in less than one month. Despite the quickly approaching trial date, Defendants recently disclosed one document and ten fact witnesses pursuant to Federal Rule of Civil Procedure 26(a)(1). I find the untimely disclosure is not substantially justified, and the prejudice to Plaintiff cannot be cured. Accordingly, I grant Plaintiff's motion to strike.

**BACKGROUND**

During the allegations giving rise to this case, Plaintiff was incarcerated at the Sterling Correctional Facility, which is part of the Colorado Department of Corrections. Am. Compl. ¶ 2, ECF No. 107. According to Plaintiff, Defendants Todd Tonche, Tami Ruch, and Jeannie Park punched him in the face, slammed him into a concrete floor, and "stomped down violently on [his] left leg." *Id.* ¶¶ 41–44, 53. As a result, Plaintiff allegedly suffered "a serious displaced fracture of

[his] left fibula." *Id.* ¶ 54.  In an Amended Complaint filed on November 21, 2016, Plaintiff asserts claims for excessive force and deliberate indifference to medical needs.  *Id.* ¶¶ 144–73.

On March 14, 2018, I issued a recommendation on Defendants' Motion for Summary Judgment.  R&R on Mot. for Summ. J., ECF No. 174.  I first found that exhaustion did not bar Plaintiff's claims.  *Id.* at 12–18.  I then found summary judgment improper as to Officer Park, Officer Ruch, Ms. Jackson, and Ms. Larson.  *Id.* at 18–31.  However, I found that Plaintiff failed to present sufficient evidence that Ms. Albright and Mr. Kudlauskas committed a clearly established constitutional violation.  *Id.*  Defendants Tonche, LeFever, and Darula did not seek summary judgment on qualified immunity grounds.  *Id.* at 10.  The Honorable Robert E. Blackburn adopted my recommendation in full.  Order Adopting R&R, ECF No. 179.

In a May 8, 2018 order, Judge Blackburn set a five-day jury trial to begin on September 24, 2018.  Trial Preparation Conference Order 4, ECF No. 181.  Prior defense counsel moved to withdraw on July 30, 2018, and present counsel entered their appearances.  *See* ECF Nos. 183–84, 186.

On August 17 and 21, 2018, Defendants disclosed ten additional witnesses pursuant to Rule 26(a)(1)(A).  Defendants' Sixth Supplemental Disclosures, ECF No. 200-1. Defendants' Seventh Supplemental Disclosures, ECF No. 200-2.  Each of these individuals interacted with Plaintiff shortly after the alleged excessive force incident.  Defendants also disclosed a document titled, "Sterling Correctional Facility Punitive/Removal from Population Segregation Allowable List."

Shortly thereafter, Plaintiff filed the present Motion to Strike, ECF No. 200.  Plaintiff contends failing to strike the document and permitting these witnesses to testify would significantly prejudice him.  *Id.*  In response, Defendants argue Plaintiff learned of these witnesses during

discovery. Resp. to Mot. to Strike 4–13, ECF No. 205. Additionally, Defendants assert any prejudice could be cured by taking the witnesses' depositions. *Id.* at 13. Plaintiff filed a reply brief on August 28, 2018. Reply in Supp. of Mot. to Strike, ECF No. 206.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to disclose the identity "of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." If a party fails to timely disclose a witness or piece of evidence, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-Am. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).

## **ANALYSIS**

I exercise my discretion to strike Defendants' untimely disclosures. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), initial disclosures were due on or before January 24, 2017. *See* Proposed Scheduling Order 13, ECF No. 125 (stating that the parties held the Rule 26(f) conference on January 10, 2017). Because Defendants served their supplemental disclosures on August 17 and 21, 2018, they were untimely.

First, I find the untimely disclosures were not substantially justified. Defendants explain their untimely disclosures by stating that their present counsel, who was retained on July 30, 2018, recently realized that Defendants' former attorney did not disclose a number of witnesses. Resp.

3

to Mot. to Strike 2, ECF No. 205. However, "[r]etention of new counsel generally is not substantial justification for late disclosure." *Valdez-Castillo v. Busch Entm't Corp.*, No. 06-20772-CIV-DIMITROULEAS, 2009 WL 10668210, at *2 (S.D. Fla. Jan. 8, 2009). Although I am certainly sympathetic to the difficulties in being retained shortly before trial, Defendants' decision to hire new counsel does not justify disclosing witnesses for the first time one month before trial. *See Chamberlain Grp., Inc. v. Interlogix, Inc.*, No. 01 C 6157, 2002 WL 653893, at *5 (N.D. Ill. Apr. 19, 2002) ("Although [the plaintiff's] new counsel may prefer [a different] expert, that rationale is insufficient to justify an untimely disclosure."); *Edizone, L.C. v. Cloud Nine*, No. 1:04-CV-117 TS, 2008 WL 584991, at *4 n.23 (D. Utah Feb. 29, 2018) ("The only possible reason to justify this late disclosure is that Defendants' new counsel disagrees with the actions taken by Defendants' prior counsel. This is not, however, a valid reason to allow this information to be admitted.").

Second, the untimely disclosure is not harmless. In considering whether a failure to comply with Rule 26(a) is harmless, courts analyze: (1) the prejudice or surprise to the party against whom the testimony is offered, (2) the ability of the party to cure the prejudice, (3) the extent to which introducing such testimony would disrupt the trial, and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Regarding the first factor, Plaintiff will suffer significant surprise and prejudice. Defendants argue Plaintiff should not be surprised by the addition of these witnesses, because Plaintiff had contact with each of them shortly after the incident and all of their names appeared in discovery documents or deposition testimony. Resp. to Mot. to Strike 4–13, ECF No. 205. However, "knowledge of the existence of a person is distinctly different from knowledge that the person will

4

be relied on as a fact witness." *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC*, No. 10-cv-02516-WJM-KLM, 2014 WL 2933189, at *2 (D. Colo. June 30, 2014).

Although knowing the scope of newly disclosed testimony generally makes a late disclosure harmless, *Newman v. GHS Osteopathic, Inc. v. Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995), Defendants do not produce evidence indicating that Plaintiff knew of the witnesses' proposed testimonies. Defendants assert that some of the discovery materials reference brief portions of the proposed testimonies. Resp. to Mot. to Strike 7. However, it does not follow that Plaintiff understood the scope of each witness' testimony. For example, even assuming Plaintiff knew Ms. Hux would testify that he did not complain of a broken leg, he may still be surprised by testimony "related to [Ms. Hux's] interactions and communications with Plaintiff, general CDOC and SCF policies and procedures regarding medical treatment and use of force, and information regarding the allegations set forth in Plaintiff's Amended Complaint and all related issues." Defendants' Sixth Supplemental Disclosures 1–2, ECF No. 200-1. Therefore, Plaintiff was not aware of the information included in the untimely disclosures.

As for prejudice, Defendants disclosed the document and ten individuals one month before the first day of trial. Permitting the document to be offered as evidence may require Plaintiff to serve supplemental written discovery to learn about the document's relevance and how Defendants intend to use it. Similarly, unless I strike the witness disclosure, Plaintiff will be required to depose ten new individuals in the next three weeks or cross-examine the witnesses without having the opportunity to learn the entirety of their testimony. Either of these options would prejudice Plaintiff's ability to effectively try this case. *See Lawson v. Plantation Gen. Hosp., L.P.*, No. 08-61826-CIV-ROSENBAUM, 2010 WL 11504835, at *5 (S.D. Fla. May 3, 2010) ("Plaintiff amended

her witness list one month prior to trial and, therefore, Defendant is not afforded the luxury of an extended period of time to depose [the new witness]. The Court thus finds that the addition of [the new witness] at this late date will be harmful to Defendant."); *Jackson v. Dollar Gen. Store*, No. 2:11-cv-00726-TC-DBP, 2014 WL 2013351, at *2 (D. Utah May 16, 2014) (finding that if the court had not continued the trial date, the defendant would have suffered prejudice, because it would have had only "fifty-nine days to review the disclosures before the original April 28, 2014 trial date"). In *Mendoza v. A&A Landscape & Irrigation, LP*, the court stated,

> Defendants' only explanation for the failure to timely disclose these witnesses was that they were unaware that these witnesses had not been disclosed. While the evidence may be important to Defendants, the potential prejudice to Plaintiffs is high resulting from the disclosure of several witnesses approximately one month before trial, and after the close of discovery.

No. 4:12-CV-562, 2014 WL 6627741 (E.D. Tex. Nov. 21, 2014). I agree with the court's finding in *Mendoza* and find that the disclosure of a new document and ten witnesses one month prior to trial will significantly prejudice Plaintiff.

Further, it is far too late to cure the prejudice. This is not a case in which a party made untimely disclosures six month before trial. Trial commences in approximately three weeks. Effectively requiring Plaintiff to serve written discovery and depose these individuals to learn the scope of their testimony would significantly interfere with Plaintiff's trial preparation efforts. Accordingly, the second *Woodworker's Supply* factor favors striking the disclosures.

Regarding the third factor, it is reasonable to assume that allowing ten additional witnesses will disrupt or alter the trial. Although Defendants contend they do not intend to testify again during their case in chief, this alone does not convince me that permitting ten additional witnesses will not extend the trial beyond the five days Judge Blackburn allotted. Indeed, even if each of these

6

witnesses testified for only one hour, this would extend the trial by over a full day. Accordingly, I find that permitting the testimony has the potential to disrupt the trial.

Although I find no evidence of bad faith on the part of Defendants, this does not permit an untimely disclosure. As such, Defendants' disclosure of ten witnesses and a new document a mere month before trial was neither substantially justified nor harmless.

## **CONCLUSION**

Defendants' untimely supplemental disclosures were not substantially justified and will cause Plaintiff significant incurable prejudice. Accordingly, I exercise my discretion to strike Defendants' supplemental disclosures. Plaintiff's Motion to Strike the Testimony of Ten Previously Undisclosed Witnesses and Use of Undisclosed Document [filed August 23, 2018; ECF No. 200] is **granted**.

Entered and dated at Denver, Colorado, this 31st day of August, 2018.

BY THE COURT:

*Michael E. Hegarty*
_____
Michael E. Hegarty
United States Magistrate Judge